CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILROAD COMPANY v. DAVID DEAVER.

FILED JUNE 18, 1895.     NO. 6044.

1. **Common Carriers:** NEGLIGENCE IN SHIPMENT OF LIVE STOCK. Evidence examined, and *held* to sustain the allegation of negligence in furnishing for the shipment of live stock, cars which were dangerous and unfit for use on account of the broken condition thereof.

2. **New Trial:** MISCONDUCT OF JURY. The term "misconduct," as used in the provision for new trials in civil actions, does not necessarily imply an evil or corrupt motive on the part of the jury or prevailing party.

ERROR from the district court of Burt county. Tried below before FERGUSON, J.

*N. M. Hubbard, Jr.,* for plaintiff in error.

*H. Wade Gillis, contra.*

POST, J.

This is a petition in error and presents for review a judgment of the district court for Burt county. The cause of action alleged was the negligence of the defendant therein in furnishing to the plaintiff for the shipment of cattle a certain car which was dangerous and unfit for use by reason of the broken and unsafe condition of one of the doors thereof, resulting in the breaking of a leg of one of plaintiff's steers. Further reference to the pleadings will not be required, since the errors alleged do not involve the issues thereby presented.

The first assignment of the petition in error is that the verdict is not sustained by sufficient evidence. The undisputed evidence is that the plaintiff, on the 27th day of June, 1891, ordered of the defendant, through its agent, at Tekamah, two cars for the shipment of cattle from the station named to South Omaha, on the 29th day of the same month. On loading his cattle the day last named the plaintiff discovered that the cross-bar of one of the doors was cracked and the iron fastenings at the bottom thereof were broken so that said door could not be securely closed, but would swing outward at the bottom. The attention of the agent was directed to the condition of the car, but no effort was made to repair it. On the arrival of the car at South Omaha it was discovered that one of the steers shipped therein had broken his leg. The question was on this evidence submitted to the jury, whether such injury was the natural and proximate result of the alleged negligence of the defendant. The circumstances of the case, including

the character of the injury and the condition of the door of the car, tend strongly to sustain the contention of the plaintiff, and the finding in his favor should not be disturbed on the ground that it is unsupported by the evidence.

Another assignment is that the court erred in refusing to set aside the verdict on account of misconduct of the plaintiff's counsel. The facts necessary to an understanding of that contention are as follows: On September 30, 1892, Mr. Gillis, attorney for the plaintiff, addressed Mr. Hubbard, attorney for the railroad company, as follows:

"*N. M. Hubbard, Omaha, Nebraska*—DEAR SIR:—I wish you would consent to a continuance of Deaver v. R. R. Co. I have sickness in my family, and am trying to get out of trying any more cases this term. Will regard your consent as a great favor.

"Yours truly,    H. WADE GILLIS."

To the above Mr. Hubbard responded as follows:

"OMAHA, Sept. 30, 1892.

"*Hon. H. Wade Gillis, Tekamah*—MY DEAR JUDGE: —I have your favor of the 30th. Am very sorry to learn that you have sickness in your family. You are welcome to a continuance of Deaver case, and am only sorry that I cannot be of more assistance to you.

"Yours truly,    N. M. HUBBARD."

Some time subsequent to the date of the above correspondence Mr. Hubbard was informed by Mr. Gillis that the district court had refused to recognize the agreement for a continuance, and that the cause had been dismissed for want of prosecution. It was then mutually agreed, according to the affidavit of Mr. Hubbard, that the latter would go to Tekamah at a subsequent term of the court and consent to a reinstatement of the cause; that he had no knowledge of its having been reinstated, and, relying upon the statement of Mr. Gillis, believed it was not on the

docket, until the morning of the trial, when he received a message from the latter advising him that it would be for trial on that day; that he was then engaged in the trial of an important cause before the district court for Douglas county and was unable to attend and participate in the trial. Mr. Gillis, in an affidavit filed by the plaintiff, without controverting the foregoing statement, testified that he was willing to grant a reasonable continuance, and that if Mr. Hubbard had, in reply to the telegram referred to in his (Hubbard's) affidavit, "shown an intention to attend this court within a reasonable time, affiant would have consented to trial of same being put off to enable said Hubbard to get here, but the only reply affiant received to said telegram was a somewhat peremptory demand for a week's delay." This is not an attempt to enforce an agreement between counsel made out of court for their own convenience. The irregularity charged is the pressing of the cause for trial in the absence of the representative of the adverse party, who had not previous to that time been advised of the vacation of the order of dismissal. The circumstances attending the reinstatement of the cause are not shown by the record, but Mr. Hubbard, as we have seen, testified, without contradiction, that he was not advised of that order, and was not aware that the cause was on the docket until the receipt of the message from Mr. Gillis a few hours previous to the trial. The question is not whether the cause should have been continued for a week or a shorter period, but whether the action of counsel in forcing it to trial on that day, in the absence of the attorney for the defendant, was misconduct within the meaning of the statute. It should, in justice to Mr. Gillis, be remarked that no evil motive is imputed to him, and it is probable that there were considerations for the ruling complained of which are not shown by the record; but the facts disclosed amount to misconduct in its legal sense, without regard to the question of motive. Much has been

said and written in harmony with the above, and the law of the subject is too well established to require the citation of authorities in this connection. It follows that the motion for a new trial should have been sustained and that the judgment should accordingly be

REVERSED.